## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MORGAN LYNN DAVELUY | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | Case No. |
| vs. | : | |
| | : | JURY TRIAL REQUESTED |
| COUNTYWIDE MECHANICAL | : | |
| SERVICES, LLC: | : | |
| *Defendant* | : | NOVEMBER 3, 2020 |

## COMPLAINT

### I. JURISDICTION AND VENUE:

1. This Court has original subject matter jurisdiction over this Action under 28 U.S.C. §§ 1331 and 1341 42 U.S.C. §2000e-5, insofar as the matters in controversy are brought pursuant to 29 U.S.C. §§2612 and 2620 *et seq.*, the recently-passed legislation amending certain provisions of the Family and Medical Leave Act, the Families First Coronavirus Response Act.

2. Venue in the District of Connecticut is proper because at all times relevant, Plaintiff resided in Connecticut, Plaintiff worked in Connecticut, Defendant had its principal place of business in Connecticut, and Defendant's managing member, Joyce Abate, resided in Connecticut.

### II. PARTIES:

3. PLAINTIFF, Morgan Lynn Daveluy, ("PLAINTIFF"), was at all times relevant a resident of the City of New Britain in the State of Connecticut.

4. DEFENDANT, Countywide Mechanical Services, LLC ("DEFENDANT"), was at all times relevant a domestic limited liability company with a business address of 31 Deming Road, Berlin, Connecticut, 06037.

### III. FACTUAL ALLEGATIONS:

5. At all times relevant, DEFENDANT was and is a company with fewer than 500 employees subject to the recently enacted Families First Coronavirus Response Act ("FFCRA"),

1

which itself comprises the Emergency Paid Sick Leave Act ("EPSLA") and the Emergency Family and Medical Leave Expansion Act ("EFMLEA").

6. Throughout the plaintiff's employment with the defendant company, Cheryl Byrne acted as the defendant company president.

7. DEFENDANT provides homeowners and businesses with HVAC, plumbing and electrical services.

8. PLAINTIFF commenced her employment with DEFENDANT on or about August 27, 2020, as a Dispatcher and Customer Service Representative.

9. PLAINTIFF continued in this position through the wrongful termination of her employment on or about October 19, 2020.

10. PLAINTIFF was considered an employee within the meaning of the EPSLA and the EFMLEA, in that she was employed for more than 30 calendar days.

11. Throughout the duration of her employment with DEFENDANT, PLAINTIFF performed her work at or above satisfactory levels.

12. At all times relevant, PLAINTIFF was a mother of a two-year old boy, Bradon, school-aged minor child.

13. In order to work for the DEFENDANT, PLAINTIFF was required to place her son Bradon in day care, full time Monday through Friday, every day that she worked for the DEFENDANT.

14. On March 10, 2020, Ned Lamont, Governor of the State of Connecticut, declared a public health emergency throughout the State in response to the global pandemic of COVID-19, which had at that juncture "resulted in the spread of infections in Connecticut and surrounding states[.]"

15. According to the EFMLEA, which was effective April 1, 2020, the term "qualifying need related to a public health emergency," with respect to leave, means the employee is unable to work due to a need for leave to care for the son or daughter under 18 years of age of such employee if the school or place of care has been closed, or the child care provider of such son or daughter is unavailable, due to a public health emergency.

16. According to the orders and guidelines issued by Ned Lamont, Governor of the State of Connecticut, when an employee has "had close contact with a person with symptoms of or have been diagnosed with COVID-19" the employee is to not go to work and isolate himself or herself. [1]

17. On Thursday, October 15, 2020, while PLAINTIFF was on her way to drop off her son at day care at Town and Country Daycare, PLAINTIFF received an email notifying her that a child at the same daycare tested positive for COVID-19.

18. In the same email, PLAINTIFF was notified that as a result of the positive COVID test at the facility, the daycare facility was closing for the day and that they would send an email with an update and further instruction later that day or the next day.

19. As a result, PLAINTIFF did not have care for her child and could not work.

20. PLAINTIFF immediately contacted defendant company president, Cheryl Byrne, that she would not be at work that day because her son was exposed to a COVID positive person in his daycare, and that the daycare facility was closed due to the positive case.

21. In response, Ms. Byrne instructed the PLAINTIFF to remain out of work and for PLAINTIFF and her son to get a COVID test.

22. That same evening, PLAINTIFF received another email from her son's daycare facility, notifying the PLAINTIFF that the facility was required to remain closed for two weeks or 14 days as

---

[1] https://portal.ct.gov/-/media/Coronavirus/COVID-19-FAQs.pdf

a result of the positive COVID child at the facility, and that all children that attended the facility should also self-quarantine for the 14 days.

23. That evening, PLAINTIFF informed Ms. Byrne that her son's daycare facility was required to be closed for two weeks, and that PLAINTIFF did not have any other daycare lined up for her son and that she required leave and benefits under the EFMLEA, FFCRA and EPSLA.

24. The next day, October 16, 2020, PLAINTIFF called DEFENDANT company HR and spoke with Jenn (last name unknown).  PLAINTIFF notified HR that she required to remain at home for two weeks due to lack of childcare due to the closing of her daycare facility.

25. PLAINTIFF further informed Jenn in HR that she required a two week leave and also that the leave be paid under the new FMLA laws related to COVID. In response, Jenn stated to the PLAINTIFF that she did not qualify for paid leave under the new laws because DEFENDANT company "had less than 50 employees."

26. Thereafter, PLAINTIFF contacted the Department of Labor and inquired about her leave rights under the new leave laws related to COVID. PLAINTIFF was informed that the new FMLA laws do apply to the DEFENDANT, and any company with less than 500 employees.

27. PLAINTIFF called Jenn and informed her that the department of labor informed her that the DEFENDANT was mistaken, that she was entitled to the two week job protected leave and that her leave be paid.

28. Within minutes of ending the phone call with Jenn, Defendant company HR, Jenn forwarded PLAINTIFF an email informing PLAINTIFF that she was being laid off for "Lack of Work."

29. Upon information and belief, on the same day or the day after, DEFENDANT company posted an advertisement seeking applications for the plaintiff's position.

**COUNT ONE:** **FFCRA INTERFERENCE IN VIOLATION OF 29 U.S.C. § 2615**

30. All preceding paragraphs are incorporated into this Count as if fully set out herein.

31. DEFENDANT is a company with fewer than 500 employees and was subject to the FFCRA at all times relevant.

32. PLAINTIFF was eligible for family leave and paid leave under the FFCRA.

33. PLAINTIFF engaged in protected activity when she exercised or attempted to exercise her rights to such leave under the FFCRA by, *inter alia*, informing DEFENDANT of her inability to report to work on the basis of a qualifying need related to a pubic health emergency in accordance with 29 U.S.C. § 2612(a)(1)(F) and § 2620, namely, that PLAINTIFF was "unable to work…due to a need for leave to care for" her minor children whose daycare was closed due to a public health emergency."

34. DEFENDANT unlawfully interfered with PLAINTIFF's exercise or attempted exercise of rights under the FFCRA, in one or more of the following ways:

    a. In response to PLAINTIFF's protected activity, DEFENDANT terminated Plaintiff's employment, pretextually characterizing it as PLAINTIFF voluntarily quitting;

    b. DEFENDANT deliberately failed to notify PLAINTIFF that her request for leave was protected under the FFCRA;

    c. DEFENDANT has deliberately failed to pay PLAINTIFF for any and all leave in accordance with 29 U.S.C. § 2620(b)(2)(A) *et seq.*; and

    d. DEFENDANT terminated the plaintiff's employment and deliberately and falsely characterized PLAINTIFF's termination as a law off under the pretext of "Lack of Work," thereby unlawfully and unjustifiably delaying and/or depriving PLAINTIFF of benefits to which she is entitled.

5

35. DEFENDANT's unlawful conduct, as aforesaid, was willful and was intended to deprive PLAINTIFF of her rights under the FFCRA.

36. DEFENDANT's unlawful conduct was not in good faith and DEFENDANT did not have reasonable grounds for believing its actions were in conformance with the FFCRA.

37. As a result of DEFENDANT's unlawful conduct, as aforesaid, PLAINTIFF has sustained lost wages, has been deprived of benefits to which she was entitled, has been deprived of the benefits of gainful employment into the future, and has incurred or will incur attorneys' fees and costs in securing her rights through this Action.

**COUNT TWO:** **FFCRA RETALIATION IN VIOLATION OF 29 U.S.C. § 2615**

38. All preceding paragraphs are incorporated into this Count as if fully set out herein.

39. DEFENDANT is a company with fewer than 500 employees, and was subject to the FFCRA at all relevant times.

40. PLAINTIFF was eligible for family leave and paid leave under the FFCRA.

41. PLAINTIFF engaged in protected activity when she exercised or attempted to exercise her rights to such leave under the FFCRA by, inter alia, informing DEFENDANT of her inability to report to work on the basis of a qualifying need related to a pubic health emergency in accordance with 29 U.S.C. § 2612(a)(1)(F) and § 2620, namely, that PLAINTIFF was "unable to work…due to a need for leave to care for" her minor children whose childcare was closed due to a public health emergency.

42. DEFENDANT unlawfully retaliated against PLAINTIFF's exercise or attempted exercise of rights under the FFCRA, in one or more of the following ways:

    a. In response to PLAINTIFF's protected activity, DEFENDANT terminated Plaintiff's employment, pretextually characterizing it as PLAINTIFF voluntarily quitting;

6

    b. DEFENDANT deliberately failed to notify PLAINTIFF that her request for leave was protected under the FFCRA;

    c. DEFENDANT has deliberately failed to pay PLAINTIFF for any and all leave in accordance with 29 U.S.C. § 2620(b)(2)(A) et seq.; and

    d. DEFENDANT terminated the plaintiff's employment and deliberately and falsely characterized PLAINTIFF's termination as a law off under the pretext of "Lack of Work," thereby unlawfully and unjustifiably delaying and/or depriving PLAINTIFF of benefits to which she is entitled.

43. DEFENDANT's unlawful conduct, as aforesaid, was willful and was intended to deprive PLAINTIFF of her rights under the FFCRA.

44. DEFENDANT's unlawful conduct was not in good faith and DEFENDANT did not have reasonable grounds for believing its actions were in conformance with the FFCRA.

45. As a result of DEFENDANT's unlawful conduct, as aforesaid, PLAINTIFF has sustained lost wages, has been deprived of benefits to which she was entitled, has been deprived of the benefits of gainful employment into the future, and has incurred or will incur attorneys' fees and costs in securing her rights through this Action.

                                                        THE PLAINTIFF
                                                        MORGAN LYNN DAVELUY

By: _____
Emanuele R. Cicchiello (CT27118)
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
Phone: 860-296-3457
Fax: 860-296-0676
Email: manny@cicchielloesq.com

**WHEREFORE**, Plaintiff prays for the following relief:

1. Money Damages for lost wages and employment benefits;

2. Reinstatement or Front Pay in lieu thereof;

3. Reasonable attorneys' fees;

4. Interest;

5. Liquidated Damages;

6. Costs of this Action; and

7. All other awardable relief.

THE PLAINTIFF
MORGAN LYNN DAVELUY

By: _____
Emanuele R. Cicchiello (CT27118)
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
Phone:  860-296-3457
Fax:  860-296-0676
Email:  manny@cicchielloesq.com